# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK EDDINGTON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendant. | Civil Action No. 19-2984 (JEB) |

## MEMORANDUM OPINION

Plaintiff Patrick Eddington has brought this suit to enforce a Freedom of Information Act request to the U.S. Postal Service seeking correspondence regarding any Government plans to detain or register certain categories of individuals in the event of war or national emergency. In seeking dismissal here, USPS points out that Plaintiff has failed to exhaust his administrative remedies because his request is insufficiently clear. Agreeing, the Court will grant the Motion.

## I.   Background

Little need be said by way of background. Eddington is a "policy analyst and scholar at the Cato Institute," ECF No. 1 (Compl.), ¶ 2, who submitted the following request on May 12, 2019, to USPS:

> [A]ny correspondence to or from the United States Postal Service and any other department or agency of the Executive branch, including any offices connected with the President or Vice president, concerning plans, policies, or programs regarding implementation of a registration or detention program for (1) persons of the Muslim faith, regardless of nationality (including natural born or naturalized American citizens) or (2) persons of Arab or Persian/Iranian heritage in the event of the declaration of a national emergency by the President or the enactment of an Authorization for the Use of

1

>    Military Force (AUMF) or Declaration of War (DoW) against any nation:
>
>    (1) In which Islam is the predominant religion; or
>    (2) In which the country or countries against which an AUMF or DoW corresponds to a specific Arab heritage, Persian/Iranian heritage, or other ethnic, religious, or racial heritage group present in the United States.

Compl., Exh. A (FOIA Request) at 1.

Three days later, Defendant informed Eddington that the request was not sufficiently specific, especially because "the Postal Service has over 30,000 facilities at which records are maintained[, and t]he various records at these facilities are not centrally indexed." Compl., Exh. B (May 15, 2019, Letter) at 1. USPS indicated that it would not take further action unless it heard back from Plaintiff. Id. at 2. Instead of working with the agency, Eddington appealed and therein agreed to limit his request to five specific offices. See Compl., Exh. C (May 20, 2019, Letter) at 2. After the appeal was denied, he filed this suit, which USPS now moves to dismiss.

## II. Legal Standard

Although "FOIA cases typically and appropriately are decided on motions for summary judgment," Kearns v. FAA, 312 F. Supp. 3d 97, 104 (D.D.C. 2018), the D.C. Circuit has instructed courts to analyze the issue of exhaustion under Rule 12(b)(6). See Hidalgo v. FBI, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating grant of summary judgment and remanding FOIA case "with instructions to the district court to dismiss the complaint under [Rule] 12(b)(6) . . . for failure to exhaust administrative remedies"); see also Acosta v. FBI, 946 F. Supp. 2d 47, 49–50 (D.D.C. 2013) (proceeding this way); Jean-Pierre v. BOP, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) (stating similarly); Jones v. U.S. DOJ, 576 F. Supp. 2d 64, 66 (D.D.C. 2008) (same).

Rule 12(b)(6) permits a court to dismiss any count of a complaint that fails "to state a claim upon which relief can be granted." In evaluating a motion to dismiss, the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted). The court need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by facts set forth in the complaint. See Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## III. Analysis

USPS relies on a number of grounds in moving for dismissal here. The Court need only consider exhaustion.

A plaintiff seeking to bring a FOIA suit in federal court must generally exhaust her administrative remedies before filing suit. See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990). Exhaustion requires a plaintiff to file a FOIA request with the relevant agency and then appeal a denial of that request within the agency. Id. If a request does not comply with the statute's mandate or the agency's regulations, that deficiency, too, dooms a challenge on exhaustion grounds. See Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir. 2004); see also West v. Jackson, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) ("The failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust."); Kalu v. IRS, No. 14-998, 2015 WL 4077756, at *4 (D.D.C. July 1, 2015) (stating similarly with respect to statute's requirements). If a requester, therefore, "does not comply" with the statutory requirement to submit a request that "reasonably describes the records sought," but "nonetheless files suit, she is said to have failed to

3

exhaust her administrative remedies, and she must file a perfected request before a court will compel the agency to respond." Kalu, 2015 WL 4077756, at *4 (internal quotation marks omitted); see also Middle East Forum v. U.S. Dep't of Treasury, 317 F. Supp. 3d 257, 264 (D.D.C. 2018) ("Without a perfected request, an agency has no duty to respond to FOIA requests, and the requester fails to exhaust the administrative process."); Freedom Watch, Inc. v. FBI, 2019 WL 108879, at *3 (D.D.C. 2019) (same).

An additional point bears mentioning: FOIA exhaustion is a "jurisprudential doctrine," rather than a jurisdictional one. See Hidalgo, 344 F.3d at 1258. Failure to exhaust thus does not always require dismissal. Rather, "failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar.'" Wilbur, 355 F.3d at 677 (quoting Hidalgo, 344 F.3d at 1258–59). So, while dismissal is generally appropriate if a plaintiff has failed to exhaust her FOIA claims, it is not warranted in a particular case if enforcing the requirement would subvert the purposes of exhaustion and FOIA more generally. Id. The purpose of the exhaustion requirement is to give the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Id. (quoting Oglesby, 920 F.2d at 61).

As this Court has noted before, FOIA's exhaustion requirements "are not mere formalities to be routinely ignored, some unseemly morass of bureaucratic red tape." Cable News Network, Inc. v. FBI, 271 F. Supp. 3d 108, 112 (D.D.C. 2017). Instead, exhaustion in FOIA cases is regarded as a "core component of orderly procedure and good administration" — a doctrinal safeguard that preserves agency authority and judicial efficiency. Id. (internal quotation marks and citation omitted).

In seeking dismissal here, USPS makes two central exhaustion arguments. First, it posits that Plaintiff is not permitted to narrow his request on appeal because it disrupts the orderly administrative process and robs the agency of ruling on the issue in the first instance. In addition, it maintains that, regardless of the number of offices searched, the language of the request itself is not clear. Although USPS seems correct in pointing out that Plaintiff's better course would have been to work with the agency and narrow his request <u>before</u> appealing, the Court can quickly dispose of this case on the second ground alone.

The request is facially infirm in at least two ways. First, its description of an applicable country is one "[i]n which Islam is the predominant religion." Request at 1. This requires USPS to research the question and decide to which nations it applies; Plaintiff should have done this homework himself. Next and far more significant, the second description of an applicable country is simply not clear. It refers to "any nation" "[i]n which the country or countries against which an AUMF or DoW corresponds to a specific Arab heritage, Persian/Iranian heritage, or other ethnic, religious, or racial heritage group present in the United States." <u>Id.</u> To begin, Plaintiff does not clarify how the "country or countries" relate to the "nation." Next, how is USPS to determine what "ethnic, religious, or racial heritage group[s]" are <u>not</u> "present in the United States"? In other words, where does this definition find its limit? If the AUMF or DoW is against a country and not an ethnic, religious, or racial group within the country, does that qualify?

As a result, jurisprudential considerations behind the purposes of exhaustion and FOIA's scheme support dismissing this case and requiring Plaintiff to start over with a clean, comprehensible request. There can be no doubt that these deficiencies have deprived USPS of "an opportunity to exercise its discretion and expertise on the matter." <u>Wilbur</u>, 355 F.3d at 677

(citation omitted).  It has not yet had a chance to even search for records sought by a request that reasonably describes its target.  As to the purposes of FOIA itself, the D.C. Circuit has consistently and repeatedly held that "FOIA's administrative scheme 'favors treating failure to exhaust as a bar to judicial review.'"  Id. (quoting Hidalgo, 344 F.3d at 1259); Freedom Watch, 2019 WL 108879, at *3.

## IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  March 6, 2020